THE LAW BUILDING OF ASHEBORO, INC., Plaintiff/Petitioner v. THE CITY OF ASHEBORO, Defendant/Respondent

No. 9119SC945

(Filed 1 December 1992)

**Building Codes and Regulations § 69 (NCI4th) — building permit — no action for wrongful denial**

The trial court did not err by granting defendant's motion for a dismissal under N.C.G.S. § 1A-1, Rule 12(b)(6) of a claim for wrongful denial of a building permit by a municipality. There is no authority or precedent for recognizing such an action; moreover, the record also makes clear that plaintiff's application for a permit had not run its administrative course at the time the judgment below was entered.

**Am Jur 2d, Buildings §§ 8 et seq.**

Appeal by plaintiff from order entered 20 March 1991 in Randolph County Superior Court by Judge Russell G. Walker, Jr. Heard in the Court of Appeals 12 October 1992.

Law Building of Asheboro, Inc. (the Law Building) commenced this action against defendant City of Asheboro (the City) seeking (1) recovery of punitive damages for the alleged unlawful refusal to issue plaintiff a building permit, and (2) to "appeal" from an order of the City's Building Inspector denying plaintiff a permit.

The events leading up to the judgment in this case appear to be as follows: On 7 December 1989, Larry R. Trotter, Chief

Building Inspector for the City, notified the Law Building that because of the deteriorated and dangerous condition of the building, it was being condemned. That notice directed prompt action to remedy the dangerous condition of the building. On 15 June 1990, the City served upon the Law Building a complaint and notice of hearing detailing the defects in the building. The complaint was set to be heard on 26 June 1990 and required the Law Building to appear and present evidence on the question of whether an order should be issued to have the building immediately repaired or demolished.

On 26 June 1990, the Law Building responded in writing to the 15 June 1990 notice, objected to the City's proposed action, and appeared at the hearing. Following the hearing, on 20 July 1990, the City issued an order to repair or demolish, requiring that the building be appropriately repaired or be demolished on or before 24 September 1990.

On 9 August 1990, the Law Building gave notice of appeal to the Asheboro City Council. On 30 August 1990, the Law Building filed a "Complaint Petition" in the Superior Court of Randolph County, in which it alleged that the City had "unlawfully" refused it a building permit to repair the building, seeking actual and punitive damages. On 6 September 1990, the hearing pursuant to the Law Building's appeal to the City Council was heard, resulting in an affirmance of the order to repair or demolish.

On 24 October 1990, the City filed an "Answer/Response and Counterclaim" to the Law Building's "Complaint." In its answer, the City denied that it had wrongfully denied the Law Building a permit and also moved for dismissal for failure to state a claim upon which relief could be granted and for failure to exhaust administrative remedies. In its "Counterclaim," the City sought to require the Law Building's compliance with its prior order to repair, or, in the alternative, to require the demolition of the building.

On 11 January 1991, an application for a building permit to repair was submitted on behalf of the Law Building to the City's Building Inspector. On 6 February 1991, the City's Building Inspector replied to the Law Building's request for a permit, indicating that more detailed information and plans were necessary in order to appropriately consider the Law Building's application.

LAW BUILDING OF ASHEBORO, INC. v. CITY OF ASHEBORO

[108 N.C. App. 182 (1992)]

On 11 March 1991, the City's motion to dismiss came on for hearing before Judge Walker, and on 20 March 1991, Judge Walker entered an order allowing the City's motion to dismiss on all grounds asserted. It is from that order that plaintiff has appealed.

*John Randolph Ingram for plaintiff.*

*Michael B. Brough & Associates, by Michael B. Brough and Jan S. Simmons, for defendant.*

WELLS, Judge.

We first note that as the judgment being appealed from did not resolve all claims of all parties, it is interlocutory and subject to dismissal. For reasons which will appear in this opinion and in the interest of judicial economy, we exercise our discretion to resolve this appeal rather than dismiss it.

The North Carolina General Statutes provide for the enactment of local building codes and the issuing or granting of building permits. *See* Article 19, Part 5 of the North Carolina General Statutes. These administrative requirements are mandatory and exclusive. We know of no authority or precedent for recognizing or allowing a civil action in damages for alleged unlawful denial of a building permit by a municipality and we decline to do so. Plaintiff failed to state a claim for which relief could be granted, and the court below lacked subject matter jurisdiction to hear a claim for damages as asserted by plaintiff. The record also makes it clear that at the time the judgment below was entered, plaintiff's application for a permit had not run its administrative course. For all these reasons, the judgment below should be affirmed.

We judicially notice that the City's "Counterclaim" has gone to final judgment. On 22 August 1991, judgment was entered in the Superior Court of Randolph County granting the City the relief it sought in this action, requiring the Law Building to repair its premises as required by the City, or, in the alternative, for the Law Building to be demolished at the Law Building's expense. That judgment is the subject of a separate appeal by the Law Building to this Court, now pending in our docket number 9119SC1256.

The judgment below in this appeal is

Affirmed.

Chief Judge HEDRICK and Judge ARNOLD concur.